# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>**BRUNO'S SUPERMARKETS, LLC,**<br><br>Debtor. | Chapter 11<br>Case No. 09-00634-BCG-11 |

**ORDER APPROVING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(B), AND 503(C)(3) FOR APPROVAL OF INCENTIVE PROGRAM AND RETENTION PLAN AND AUTHORIZATION OF PAYMENTS THEREUNDER**

This matter came to be heard on April 15, 2009 upon (a) the Debtor's Motion Pursuant to 11 U.S.C. §§ 105, 363(b), and 503(c)(3) for Approval of Incentive Program and Retention Plan and Authorization of Payments Thereunder (the "Motion") (Doc. #397) filed by Bruno's Supermarkets, LLC ("Bruno's" or "Debtor") requesting that this Court enter an order (i) approving Debtor's incentive program and retention plan (the "Sale and Retention Incentive Plan") and (ii) authorizing payments under the Sale and Retention Incentive Plan as administrative expenses of the Debtor's bankruptcy estate; (b) the Limited Objection of Koninklijke Ahold N.V. to the Debtor's Motion Pursuant to 11 U.S.C. §§ 105, 363(b), and 503(c)(3) for Approval of Incentive Program and Retention Plan and Authorization of Payments Thereunder (the "Ahold Objection") filed by Koninklijke Ahold N.V. ("Ahold"); and (c) The Official Committee of Unsecured Creditors' Objection to the Debtor's Motion Pursuant to 11 U.S.C. §§ 105, 363(b), and 503(c)(3) for Approval of Incentive Program and Retention Plan and Authorization of Payments Thereunder (the "Committee Objection," and together with the Ahold Objection, the "Objections") filed by the Official Committee of Unsecured Creditors (the "Committee"). Upon consideration of the Motion, the Objections, the agreement of the Debtor and the Committee, and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and having determined that the relief requested in the Motion is in the best interests of Debtor, its estate, its creditors, and other parties in interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED** that the Motion is **GRANTED** in part and the Objections are **SUSTAINED** in part to the extent set forth herein; and it is further

**ORDERED** that the management incentive plan as described in the Motion and as modified herein (as modified, the "Management Incentive Plan") is hereby **APPROVED**; and it is further

**ORDERED** that the Debtor is **AUTHORIZED**, but not directed, to implement the Management Incentive Plan for the benefit of the designated Tier One Employees and Tier Two Employees (as those terms are defined in the Motion); and it is further

**ORDERED** that the following payments are permitted under the Management Incentive Plan:

(a) <u>Tier One Employees.</u>  A total sum of $180,000.00 may be paid to the Tier One Employees, in the Debtor's discretion as to the Tier One Employees and as to the dollar amount of the payment to each of the Tier One Employees, only if the gross proceeds (including going concern and/or going out of business sale proceeds) from the auction (the "Auction") currently scheduled for April 22, 2009 or April 29, 2009 (the "Gross Proceeds") are equal to or exceed $40,000,000.00.  Without limitation, the Gross Proceeds shall, at a minimum, exclude the proceeds from i) the sale of cash on hand, ii) the return of any deposits or cash from ACE American Insurance Company, or iii) deposits or refunds from any source not associated with the Auction.  With the written consent of the Committee, the Debtor may increase the sum to be paid to the Tier One Employees to $200,000.00.  In the event that the Gross Proceeds are equal to or exceed $42,500,000.00, then the Debtor may automatically increase the aggregate sum to be paid to the Tier One Employees up to $200,000.00 and the consent of the Committee shall not be required.

(b) <u>Tier Two Employees.</u>  A total sum of $150,000.00 may be paid to the Tier Two Employees (as that term is defined in the Motion), in the Debtor's

      discretion as to the Tier Two Employees and as to the dollar amount of the payment to each of the Tier Two Employees, regardless of the amount of the Gross Proceeds. With the written consent of the Committee, the Debtor may increase the aggregate sum to be paid to the Tier Two Employees to $180,000.00

  (c) <u>Timing of Payments.</u>  The payments described hereinabove shall be made to the Tier One Employees and the Tier Two Employees on or around the later of (i) June 1, 2009 or (ii) the closing of any going out of business sales and going concern sales that were the subject of the Auction; provided, however, that such payments shall not be made unless and until the Debtors have fully satisfied all obligations owing to certain of their landlords as required under the *Consent Order Extending Time for Debtor to Perform Under Unexpired Leases of Nonresidential Property with Respect to Store Nos. 49, 53, 72, 114, 145, 254, 374 and 595 Pursuant to 11 U.S.C. § 365* [D.E. No. 466] and, subject to approval by the Court, the *Consent Order Granting Application for Allowance and Immediate Payment of Administrative Expense with respect to Store Nos. 196 and 251*.

  **ORDERED** that the Debtor is **AUTHORIZED**, but not directed, to make payments to the Tier One Employees and Tier Two Employees in accordance with the Management Incentive Plan; and it is further

  **ORDERED** that, without further notice or order of the Court, any unused portion of the payments authorized by the Order may be paid by the Debtor, with the written consent of the Committee, to fund bonuses to any employees who assist in the post-Auction wind down of the Debtor's estate; and it is further

  **ORDERED** that any payments made to any employee under this Order shall be without prejudice to any claims the Debtor's bankruptcy estate may have against said employee, other than for the payment of the funds approved under this Order; and it is further

**ORDERED** that all payments under the Management Incentive Plan are hereby **ALLOWED** as administrative expenses of the Debtor's bankruptcy estate under Bankruptcy Code § 503(b); and it is further

**ORDERED** that this Court **RETAINS** jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated this the 17th day of April, 2009.

/s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

This order was prepared by:
Burr & Forman
205-251-3000