UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | ) Case No. 09-00634 (BGC) |
| | ) |
| BFW Liquidation, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) (Joint Administration) |
| | ) |

TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**Name of Transferee:**

Ahold AL Acquisition LLC

**Name and Address where notices to transferee should be sent:**

c/o Kevin M. McGill, Esq.
White & Case LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Telephone: (305) 995-5271

**Name and Address where transferee payments should be sent (if different from above):**

c/o The Stop & Shop Supermarket Company LLC
1385 Hancock Street
Quincy, Massachusetts 02169

**Name of Transferor:**

LN College Avenue, LLC

**Name and Current Address of Transferor:**

c/o Richard L. Robins, Esq.
RobbinsLaw LLC
999 Peachtree St., NE, Suite 1120
Atlanta, GA 30309

Court Claim # (if known): __338__
Amount of Claim: __$447,875.98__
Date Claim Filed: __5/12/2009__

Attached hereto as Exhibit A is a true and correct copy of the Assignment of Claim from Transferor to Transferee.

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _Thomas A. Hyzler_    Date: _August 6, 2009_
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## *ASSIGNMENT OF CLAIM*

THIS ASSIGNMENT OF CLAIM is made this *1st* day of *June*, 2009, by and between LN COLLEGE AVENUE, LLC, a Georgia limited liability company having an address c/o Lee Najjar Enterprises, 4475 Rivergreen Parkway, Duluth, Georgia 30096 ("Landlord") and AHOLD AL ACQUISITION LLC, a Delaware limited liability company having an address c/o The Stop & Shop Supermarket Company LLC, 1385 Hancock Street, Quincy, Massachusetts 02169 (the "New Tenant").

### WITNESSETH

WHEREAS, Landlord has filed a Proof of Claim with the United States Bankruptcy Court for the Northern District of Alabama, Southern Division In re Bruno's Supermarkets, LLC, Debtor, Chapter 11, Case No. 09-00634 (BGC) (the " Bankruptcy"); and

WHEREAS, for the purposes hereof, the Debtor in the Bankruptcy is sometimes hereinafter referred to as "Bruno's"; and

WHEREAS, a true copy of said Proof of Claim is attached hereto as Exhibit A and made a part hereof (the "Proof of Claim"); and

WHEREAS, a dispute has arisen between Landlord and Koninklijke Ahold, N.V., a corporation organized under the laws of The Netherlands ("Ahold"), which is an affiliate of the New Tenant, regarding certain obligations allegedly due from Ahold to Landlord under a Guaranty with respect to a lease rejected by Bruno's in the Bankruptcy concerning property in Jackson, Clarke County, Alabama, and Ahold and Landlord have reached an amicable settlement of said dispute (the "Lease Dispute"); and

WHEREAS, as part of said settlement, New Tenant has entered into a new lease of the premises previously leased by the lease for which the Proof of Claim has been filed, and Landlord has agreed to assign to the New Tenant the Proof of Claim.

NOW, THEREFORE, in consideration of the settlement of the Lease Dispute and for other good and valuable consideration, the receipt and sufficiency whereof being hereby acknowledged by Landlord, Landlord hereby agrees as follows:

1.     Landlord hereby assigns, transfers, and conveys to the New Tenant Landlord's right, title and interest in, to and under the Proof of Claim, including, without limitation, all distributions made thereunder.

2.     In furtherance of the foregoing, Landlord represents and warrants to the New Tenant (i) that the Proof of Claim attached as Exhibit A is a true and complete copy of the Proof of Claim filed by Landlord in the Bankruptcy; (ii) that the Proof of Claim has not been, and will not be, modified or withdrawn by Landlord and currently is in full force and effect; (iii) that Landlord has not previously assigned, sold, conveyed or otherwise transferred its interest in the Proof of Claim to any third party and will not do

\* CENTER

so; (iv) that Landlord has no knowledge of any actions (proposed or actual) by or on behalf of Bruno's to dispute or otherwise contest any portion of the Proof of Claim; (v) that at any time and from time to time, at the New Tenant's request, Landlord shall take such action and execute such documents as the New Tenant deems necessary or proper in order to confirm the assignment of the Proof of Claim to the New Tenant and to preserve the validity of the Proof of Claim; and (vi) that in the event of any distribution(s) to Landlord of payments or claim dividend(s) under the Proof of Claim that should otherwise have been made to the New Tenant as contemplated hereby, Landlord shall promptly pay, assign, or otherwise transfer (as the case may be) same to the New Tenant.

IN WITNESS WHEREOF, the undersigned have executed this Assignment of Claim as a sealed instrument as of the day and year first above written.

**WITNESSES**                           **LN COLLEGE AVENUE✱ LLC**

By: _____
Name: Lee Najjar
Title: Manager

**AHOLD AL ACQUISITION LLC**
By: Ahold Acquisition Management LLC, its Manager

By: _____
Name: Thomas A. Hippler
Title: President, Treasurer and Secretary

✱ CENTER

COMMONWEALTH OF MASSACHUSETTS )
) SS.
COUNTY OF NORFOLK )

I _Linda S. DelGreco_, a Notary Public in and for said County and State, hereby certify that Thomas A. Hippler whose name as President, Treasurer and Secretary of Ahold Acquisition Management LLC, a Delaware limited liability company, is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, as such officer and with full authority, executed the same voluntarily for and as the act of said Ahold Acquisition Management LLC in its capacity as Manager of Ahold AL Acquisition LLC. Given under my hand this the _15th_ day of _June_, 2009.

(Seal) 

_Linda S. DelGreco_
Notary Public
My Commission Expires: _June 9, 2011_

STATE OF _Georgia_ )
) SS.
COUNTY OF _Gwinnett_ )

I _Kathy L. McCuiston_, a Notary Public in and for said County and State, hereby certify that Lee Najjar whose name as Manager of LN College Avenue, LLC, a Georgia limited liability company, is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, as such officer and with full authority, executed the same voluntarily for and as the act of said LN College Avenue, LLC. Given under my hand this the _1st_ day of _June_, 2009.

(Seal) 

_Kathy L. McCuiston_
Notary Public
My Commission Expires: _Nov 18, 2012_

*\* Center*

# EXHIBIT A

# PROOF OF CLAIM

[To Be attached]

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    Northern District of Alabama | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Bruno's Supermarkets, LLC | Case Number:<br>09-00634 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**LN College Avenue LLC**

Name and address where notices should be sent:

RobbinsLaw LLC, 999 Peachtree St., NE, Suite 1120, Atlanta, GA 30309

Telephone number:
(678) 701-9381

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:    $ __447,875.98__

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim:  __Lease/rent -- store #196__
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor:  __4111__

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date:
05/12/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Richard L. Robbins, Attorney for LN College Avenue LLC    [signature]

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# ACCOUNTING FOR PROOF OF CLAIM

<u>Key Lease Information</u> (see attached lease)
Lease Term – 20 years, commencing on or about January 2003
Payments are current through January 2009
Rent/month – 16,666.67/mo
Remaining term of lease – 13 years, 11 months

| Items for which money is due | Amount |
|---|---|
| Past due rent at time of bankruptcy petition | $16,666.67 |
| Rent remaining for 13 years, 11 months ($2,783,333) but per bankruptcy code capped at 15% of that amount | $417,500 |
| Lawn Care | $2,742.52 |
| Maintenance | $348.57 |
| Property Tax | $10,618.22 |
| TOTAL | $447,875.98 |

{00004952.DOC}